```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CERTAIN UNDERWRITERS AT                                     :
LLOYD'S, LONDON SUBSCRIBING TO                              :
POLICY NO. PSH00698637,                                     :
                                                            :          20-cv-10659 (VSB)
                                    Plaintiffs,             :
                                                            :                ORDER
                -against-                                   :
                                                            :
ENERCON CONSULTANTS, INC., et al.,                          :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

In this action seeking declaratory judgment regarding the rights and obligations under an insurance policy, the parties assert that I have subject matter jurisdiction via the diversity of citizenship statute, 28 U.S.C. § 1332.  (Doc. 39 at 2.)  Plaintiffs are "various syndicates that operate through the Lloyd's of London marketplace in London, England," and Defendants are entities who appear to be citizens of New York and Florida for diversity jurisdiction purposes.  (*See id.*)  From the materials filed, I am unable to determine the relevant citizenships of the Plaintiffs, who seem to be an unincorporated association comprised of various members with differing levels of potential liability under the policy in dispute.  (*See id.*; Doc. 2 (Rule 7.1 Statement).)

"It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship."  *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.* ("*Squibb I*"), 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806)).  "[F]ederal courts have always assessed jurisdiction and

evaluated the factual premises for it, *e.g.,* the amount in controversy and the citizenship of parties, as of the moment the complaint was filed." *E.R. Squibb & Sons, Inc. v. Lloyd's & Companies* ("*Squibb II*"), 241 F.3d 154, 163 (2d Cir. 2001) (citing 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3608, at 448–49 (2d ed. 1984 & Supp. 2000). "It is firmly established that 'citizens' for purposes of a federal court's diversity jurisdiction 'must be real and substantial parties to the controversy.'" *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (quoting *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460 (1980)).

In cases involving insurance syndicates, this is factually-involved inquiry.  Sometimes inquiry looks to the citizenship and amount in controversy, for each syndicate member, while sometimes it does not.  *Compare Squibb I*, 160 F.3d at 931 ("The general rule undoubtedly is that federal courts must look to [all of] the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists." (internal quotation marks and citations omitted), *with Squibb II*, 241 F.3d at 162 ("diversity of citizenship standards" were met by evaluating only the lead insurance underwriter where he was sued "solely in an individual capacity.")).  Accordingly, it is hereby

ORDERED that the parties shall brief the issue of subject matter jurisdiction in light of controlling precedent, some of which is referenced in this Order.  If all parties agree that I have subject matter jurisdiction to hear this action, they shall file one joint brief within twenty-one (21) days of the entry of this Order with analysis sufficient for me to conclude that I do in fact have subject matter jurisdiction.  If the parties disagree that subject matter jurisdiction exists, then those arguing in support of subject matter jurisdiction shall file a brief in support within twenty-one (21) days of the entry of this Order; those opposing shall file a brief in opposition no

later than fourteen (14) days thereafter; and those in support may file a reply brief seven (7) days thereafter.

SO ORDERED.

Dated: August 24, 2021
      New York, New York

                                    Vernon S. Broderick
                                    United States District Judge